# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jeannie M. Ubel,** | Civil No. 13-0875 (JRT/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Carolyn W. Colvin, Commissioner of Social Security,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the Court on Plaintiff Jeannie M. Ubel's Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The petition was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Plaintiff seeks an award of attorney's fees in the amount of $11,529, for 61 hours of work at a rate of $185 per hour.[1] Defendant Commissioner of Social Security opposes the number of hours as unreasonable. As set forth below, the Court recommends that the application be granted, but that the number of hours be reduced to 53 and the amount of fees be adjusted accordingly to $9,805.

**I.  Background**

Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) for judicial review of an adverse disability benefits determination by the Commissioner. The Commissioner timely filed an Answer and an 879-page Administrative Record. Plaintiff moved for summary judgment on four grounds and filed a 23-page memorandum of law in support of the motion. Before the Commissioner's motion for summary judgment was due, the parties stipulated to a remand. The

---

[1] Sixty-one hours multiplied by $185 is actually $11,285.

matter was remanded to the Commissioner for further administrative action, pursuant to sentence four of 42 U.S.C. § 405(g), on October 2, 2013.

Plaintiff timely filed the petition for attorney's fees on October 22, 2013. She requests an award of fees representing 61 hours of work at a rate of $185 an hour. (Pet. Att'y Fees at 1, 2, Oct. 22, 2013, ECF No. 19.) Her attorneys, Karl E. Osterhout and Edward C. Olson, claim they actually worked 71 hours on the case, but they request compensation for only 61 hours. (*Id.* at 2.) Plaintiff assigned her rights and interest in the fee award to Mr. Osterhout. (*Id.* Ex. A.)

The Commissioner concedes Plaintiff is a prevailing party within the meaning of the EAJA but objects to the amount of fees requested. Specifically, the Commissioner challenges the two hours of work expended before the complaint was filed and the sixty hours spent reviewing the administrative record and researching, drafting, and editing the memorandum of law. The Commissioner notes that the case ended at a relatively early procedural stage and did not involve any novel or complex issues of law or fact. The Commissioner therefore asks the Court to reduce the number of hours to 35.

## II. Discussion

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the position of the United States was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Plaintiff bears the initial burden to establish she is a prevailing party. *See Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). She meets this burden, as the Commissioner concedes, because the case was remanded pursuant to sentence four of § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

The burden now shifts to the Commissioner to demonstrate a substantial justification for

the government's position. *Huett*, 873 F.2d at 1155 (citation omitted). A position is substantially justified if "the denial had a reasonable basis in law and fact." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citation omitted). The Commissioner does not argue that the government's position was substantially justified, and by stipulating to a remand, she essentially conceded it was not.

The next question for the Court is the amount of fees to be awarded. Fees awarded under the EAJA must be "reasonable and necessary." *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (quotation omitted). In determining whether the requested fees are reasonable, the Court should consider not only "whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Johnson v. Barnhart*, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D. Mo. Jan. 13, 2004) (citations omitted). The Court has discretion to reduce the number of hours, based on these factors. *See Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir. 1991).

Ordinarily, attorney's fees may not exceed the rate "of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, Plaintiff asks for an award of fees calculated by a rate of $185 an hour. The Commissioner does not oppose an hourly rate of $185, and the Court finds the rate reasonable due to an increase in the cost of living since the statutory rate was established. *See Jackson v. Colvin*, No. 4:13-CV-233-NAB, 2014 WL 1375476, at *2 (E.D. Mo. Apr. 8, 2014) (approving $185.59 per hour rate as reasonable); *Thielke v. Colvin*, Civ. No. 11-538 (SRN/LIB), 2013 WL 4501472, at *4 (D. Minn. Aug. 22, 2013) (finding $184.32 hourly rate reasonable);

*Stone v. Colvin*, No. 4:11CV00605 JTK, 2013 WL 1811945, at * 2 (E.D. Ark. Apr. 29, 2013) (approving $185 hourly rate as reasonable).

Turning to the number of hours, Mr. Osterhout claims in his affidavit that he spent approximately 16.5 hours reviewing the administrative record and approximately 49 additional hours conducting research and writing the memorandum of law.[2] The administrative record in this case was 879 pages, which is a little longer than average, in the Court's experience. Mr. Osterhout explains that he did not represent Plaintiff at the administrative level and thus had to become "intimately familiar" with the administrative record. (Pl.'s Reply at 2, Nov. 22, 2013, ECF No. 23.) Based on the length of the record and Mr. Osterhout's unfamiliarity with the case, the Court finds that taking 16.5 hours to review the administrative record was not per se unreasonable, although it is longer than the Court would expect.

Plaintiff's summary judgment motion challenged the Administrative Law Judge's assessment of Plaintiff's headaches, medical expert testimony, residual functional capacity, and substantial gainful activity. (Pl.'s Mem. Supp. Mot. Summ. J., Aug. 23, 2013, ECF No. 13.) These issues are common in social security cases. As an experienced attorney who has represented more than 1,500 plaintiffs in federal court (Osterhout Aff. ¶ 2, Oct. 22, 2013, ECF No. 20), Mr. Osterhout certainly has researched and addressed similar issues many times before.

The memorandum supporting the motion was only 23 pages, four of which consisted of material such as signatures and headings. In the Court's experience, a 23-page memorandum in similar matters is quite short, and the subject matter of this particular memorandum was neither novel nor complex. The Court would expect counsel to have spent about 20 hours researching

---

[2] The Court uses the term "approximate" because Mr. Osterhout frequently combined several tasks into one large block of time, making it impossible for the Court to discern exactly how much time was spent on each task. (*See* Osterhout Aff. Ex. B.)

4

and writing the memorandum, bearing in mind that 16.5 hours had already been spent reviewing the administrative record.

There is no question that Mr. Osterhout obtained a favorable result for his client when the Commissioner stipulated to a remand after receiving the motion for summary judgment. But the remand also meant Mr. Osterhout did not have to spend time on tasks such as reviewing a cross-motion for summary judgment, drafting a reply, reviewing a report and recommendation, and drafting objections or responding to objections. Thus, Mr. Osterhout's work on the case ended at an unusually early stage in the proceeding.

By way of comparison, this Court recently approved an award for 50.2 hours in *Johnson v. Colvin*, Civ. No. 12-1153 (DWF/JJG), 2014 WL 1303675, at *2 (D. Minn. Mar. 31, 2014). There, the attorney spent a total of 30.6 hours reviewing the administrative record and drafting the plaintiff's motion for summary judgment. Peabody Decl. Ex. 2, *Johnson v. Colvin*, Civ. No. 12-cv-1153 (DWF/JJG) (D. Minn. Dec. 23, 2013), ECF No. 28-2.[3] The administrative record was 711 pages long, *id.*, ECF No. 7, which is about 168 pages less than here, but the memorandum in support of the plaintiff's motion for summary judgment was 43 pages long, *id.* ECF No. 9, which is almost twice as long as Plaintiff's memorandum here. The remainder of the 50.2 hours in *Johnson* was spent primarily drafting an 8-page reply to the Commissioner's cross-motion for summary judgment and preparing a response to the Commissioner's objections to the report and recommendation. *Id.*, ECF No. 28-2. Mr. Osterhout did not have to perform these tasks in the present action.

In *Bergstrom v. Astrue*, this Court found that 38.9 total hours "near[ed] the upper limit for even complex cases," but approved the hours because the Commissioner had not challenged

---

[3] The Court will cite to the subsequent *Johnson* case filings by *id.* and ECF No.

5

them and they were not per se unreasonable. Civ. No. 10-4911 (SRN/JJG), 2011 WL 4436167, at *2 (D. Minn. Sept. 14, 2011), *adopted by* 2011 WL 4436159 (D. Minn. Sept. 23, 2011). There, too, the plaintiff's counsel obtained a remand after filing for summary judgment.

Mr. Osterhout and Mr. Olson recently appeared as co-counsel in *Alsaker v. Colvin*, Civ. No. 13-973 (JJK) (D. Minn. filed Apr. 25, 2013),[4] in which they requested and were awarded attorney's fees. There, the administrative record was more than 1,500 pages, *id.*, ECF Nos. 13, 14, and Mr. Osterhout filed a 27-page summary judgment memorandum, *id.*, ECF No. 18. In the petition for attorney's fees, he asked for reimbursement for 65 hours, although he claimed he had actually spent 82.75 hours working on the case. *Id.*, ECF No. 27. The court found even the reduced number of hours unreasonable, however, and lowered the number further to 55 hours.

In the case at hand, the Court appreciates that Mr. Osterhout has voluntarily decreased the total number of hours from 71 to 61, but the Court finds even 61 hours unreasonable based on the simple and ordinary nature of the issues, the actual work performed, the early stage of the remand, and the Court's knowledge and experience with similar cases. Therefore, the Court will recommend that the number be reduced further to 53. The 18 hours of reduced time shall be subtracted specifically from the 49 hours spent researching and writing the memorandum of law, as any time over and above 31 hours was not reasonable or necessary.[5]

The final issue for the Court is Plaintiff's assignment of the fee award to her attorney. EAJA fees are awarded to the prevailing party, not the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) ("We hold that a § 2412(d) fees award is payable *to the litigant*.") (emphasis added). An assignment of fees by the prevailing party to his or her attorney "does not establish that the

---

[4] The Court will cite to the subsequent *Alsaker* case filings by *id.* and ECF No.

[5] The two hours Mr. Osterhout spent reviewing the administrative decision and file and conferring with Plaintiff before preparing the Complaint was reasonable and necessary.

statute 'awards' the fees directly to the attorney." *Id.* There is a split of authority in this District, however, whether such assignments should be honored. *See Hollingsworth v. Astrue*, Civ. No. 11-0955 (DSD/FLN), slip op. at 3 (D. Minn. Aug. 14, 2012) (finding award should be paid directly to the plaintiff, not his attorneys); *Nelson ex rel. M.K.N.B. v. Astrue*, Civ. No. 10-4001 (JNE/TNL), 2011 WL 6987176, at *4 (D. Minn. Dec. 23, 2011) (finding assignment of fees a contract issue between plaintiff and her counsel and ordering payment remitted to plaintiff), *adopted by* 2012 WL 87291 (D. Minn. Jan 11, 2012); *Kirchner v. Astrue*, Civ. No. 10-3263 (PAM/LIB), 2011 WL 6122321, at *1 (D. Minn. Dec. 8, 2011) (concluding that assignment violated the plain language of the EAJA that the "court *shall* award to a prevailing party . . . .") (emphasis in *Kirchner*). *But see McGrath v. Astrue*, Civ. No. 10-4192 (ADM/SER), 2012 WL 4898276, at *4-5 (D. Minn. Oct. 1, 2012) (recognizing prevailing party's right to assign fee award to attorney), *adopted by* 2012 WL 4903288 (D. Minn. Oct. 16, 2012); *Ording v. Colvin*, Civ. No. 11-2296 (MJD/LIB), 2013 WL 2139498, at *5 (D. Minn. Apr. 29, 2013) (same), *adopted by* 2013 WL 2139497 (D. Minn. May 15, 2013); *Dornbusch v. Astrue*, Civ. No. 09-1734 (PJS/JJG), 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011) (same); *see also Mathews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011) ("[T]o ignore the assignment and order the fee paid to [the plaintiff] would just create a potential collection problem for the lawyer.").

In two other fee petitions recently addressed by this Court, the fee award was made payable to the plaintiff. *Johnson*, 2014 WL 1303675, at *2; *Bergstrom*, 2011 WL 4436167, at *2. Consistent with these and other cases in this District, the Court will recommend here that the fee award be made payable to Plaintiff. It is then up to Plaintiff to follow through with any contractual obligations to her attorney.

One of the reasons for making the fee award payable to the plaintiff is that the award is

subject to an offset if the plaintiff owes any federal debt. *Ratliff*, 560 U.S. at 594. Here, it is not known whether Plaintiff has any outstanding federal debt, and the Court therefore recommends that the government be allowed sixty days to determine whether she does. *See Johnson*, 2014 WL 1303675, at *2; *Thielke*, 2013 WL 4501472, at *4.

**III.** **Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Jeannie M. Ubel's Petition for Attorney's Fees under the Equal Access to Justice Act (ECF No. 19) be **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff be awarded $9,805 in attorney's fees;

3. The Government be granted sixty days to determine if the fee award is subject to an offset; and

4. Judgment be entered accordingly.


Dated: April 24, 2014

                                            *s/ Jeanne J. Graham*
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 9, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.